914

■ In the Matter of JAMES C. FARRINGTON, an Attorney and Counselor-at-Law, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [682 NYS2d 647] —Per Curiam. Respondent was admitted to practice by this Court in 1982 and maintains an office for the practice of law in Rensselaer County.

Respondent has failed to comply with a subpoena duces tecum obtained by petitioner, the Committee on Professional Standards, and with a hearing notice from petitioner which directed him to appear for an examination under oath and produce relevant records on December 16, 1998, regarding complaints filed by two clients. Respondent has further failed to respond to petitioner's instant motion to suspend him from practice pending his compliance with the subpoena. Respondent last communicated with petitioner by fax dated December 16, 1998, advising he was closing his law practice and was willing to resign from the Bar.

Under such circumstances, we exercise our discretion (see, 22 NYCRR 806.4 [b]) and grant petitioner's motion (see, e.g., Matter of Roberts, 224 AD2d 801).

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that petitioner's motion is granted; and it is further, ordered that respondent is suspended from practice pending his full compliance with the subpoena duces tecum dated November 24, 1998, and with the hearing notice dated December 4, 1998, effective 20 days from the date of this order, and until further order of this Court; and it is further, ordered that for the period of suspension respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further, ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys.